## Case No. 6,712.

### Ex parte HOSKINS.

[Crabbe, 466;[1] 1 Pa. Law J. 287.]

District Court, E. D. Pennsylvania. May Term, 1842.

BANKRUPT ACT—IMPRISONMENT FOR DEBT.

1. A party arrested on a ca. sa. from a state court petitioned for the benefit of the bankrupt law [of 1841 (5 Stat. 440)], and was decreed bankrupt, the creditor at whose suit he was arrested not proving his debt; before discharge could be decreed a rule was taken in this court to show cause why the bankrupt should not be released from custody under the ca. sa., but, after argument, it was dismissed.

[Cited in Ex parte Rank, Case No. 11,566.]

2. Winthrop's Case [Case No. 17,900], and U. S. v. Dobbins [Id. 14,971], dissented from.

This was a rule to show cause why Edwin A. Hoskins should not be released from the custody of the sheriff of the city and county of Philadelphia. It appeared that Hoskins

[1] [Reported by William H. Crabbe, Esq.]

was a resident of Philadelphia, and, having been arrested on a ca. sa. issued from one of the state courts in that city and county, petitioned for the benefit of the bankrupt law. On the 6th May, 1842, he was decreed bankrupt, but had not yet been discharged; subsequently to the decree of bankruptcy this rule was taken. The creditor at whose suit Hoskins was arrested did not prove his debt in this court.

The rule was returnable on the 19th of June, 1842, and was then argued, before RANDALL, District Judge, by Mr. M'Call for the rule, and by J. W. Wallace against it.

Mr. M'Call, for the rule.

Hoskins has been disabled from paying his debts himself, by the action of the bankrupt law, and he asks this court, as the one by which that law is carried into effect, to interfere and prevent his being imprisoned and taken in execution because he has obeyed the demands of the law here enforced. The district courts elsewhere have not hesitated to exercise this power. Winthrop's Case [supra]; U. S. v. Dobbins [supra]. The decree has done all which imprisonment is intended to do.

J. W. Wallace, against the rule.

Up to the discharge the bankrupt law affords the debtor no protection from his creditors, and till the discharge we are not justified in assuming that it will take place, while such an assumption is necessary in order to justify what this rule asks for.

RANDALL, District Judge. The great respect entertained by me for the opinion of the courts whose decisions have been cited by the petitioner's counsel, has induced me to hesitate in deciding this question, and to doubt the correctness of my own judgment, which tended to a different conclusion. Subsequent examination and reflection have, however, only strengthened the opinion which I entertained at first, and as the decisions cited are not authoritatively binding on me, I cannot submit to them against the convictions of my own judgment. The petitioner has, on his own application, been decreed a bankrupt, but no other or final decree has been made by the court. The first section of the bankrupt law provides that all persons whatsoever, residing in any state, district, or territory of the United States, owing debts which they are unable to pay, and which have not been contracted in certain specified capacities, who shall present a petition containing prescribed statements and details, shall be deemed bankrupts, and so declared by decree of the court. The effect of this decree is to divest all property and rights of property out of the bankrupt, and to vest the same in an assignee, to be appointed by the court, for the equal benefit of all the creditors, and thus guard against

any future judgment or execution against, or transfer by, the bankrupt. Whether this decree be obtained on the petition of the debtor, or, as it may be in certain cases, on the application of his creditors, it affects only the property of the bankrupt and not his person. The proceeding so far is for the benefit of the creditors, not of the debtor. The fourth section of the act provides that any bankrupt who shall, bonâ fide, surrender all his property and rights of property, and otherwise comply with the provisions of the law, shall be entitled to a discharge from all his debts, to be decreed by the court which declared him a bankrupt; but this discharge is not to be granted until ninety days after the decree of bankruptcy, nor until seventy days' notice to the creditors who have proved their debts, or other parties in interest, to show cause why such discharge should not be granted; and it cannot be obtained if the bankrupt has been guilty of any fraud, or wilful concealment of property or rights of property, or has preferred any of his creditors over others, contrary to the provisions of the act, or has wilfully omitted or refused to comply with any order or direction of the court, or admitted a false or fictitious debt against his estate, or, being a merchant, factor, broker, underwriter or marine insurer, has not kept proper books of accounts after the passage of the act, or if, after the passage of the act, he has applied trust funds to his own use.

It is evident from these sections that a discharge does not follow as a consequence of the decree of bankruptcy. A man who has committed a fraud, concealed his property, or preferred one creditor over another, may, even on his own application, be decreed a bankrupt, but he will not, if this be proved, be entitled to a certificate and final discharge. The creditors may, at any time before the final hearing, urge these objections against him, and they are allowed at least ninety days from the decree of bankruptcy to produce their proofs. In this case that time has not yet expired; and, for aught that appears to the court, the creditors may, when the proper time arrives, be able to show that the petitioner has committed one or more of the prohibited acts. It is to be recollected that the plaintiff in the execution has not, either by proving his debt or otherwise, made himself a party to the proceeding in bankruptcy. If he had done so, the consequence might, perhaps, have been different; but as the petitioner claims to be released from arrest solely on the ground that he has been decreed a bankrupt, I am of opinion that he has failed to establish his right to such an interference by this court in his behalf, and this rule should be dismissed.